CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October, 23 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 1:21CR00030-003 |
| v. | **OPINION** |
| **JOSEPH T. CARROLL,** | JUDGE JAMES P. JONES |
| Defendant. | |

*Joseph T. Carroll, Pro Se Movant; Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States.*

The defendant, previously sentenced by this Court, has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Carroll alleges that he had a wrist injury which negated his ability to possess the pistol as charged and that his attorney failed to investigate this defense. He also contends that his attorney failed to investigate other possible defenses of coercion or duress, and that his personal characteristics were not adequately considered at sentencing. The motion has been fully briefed and is ripe for decision. For the following reasons, Carroll's motion will be denied.

I. BACKGROUND.

On September 14, 2021, Carroll pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation

of 21 U.S.C. §§ 846 and 841(b)(1)(A), conspiring to knowingly transmit and transfer monetary instruments and funds from within the United States to outside the United States with the intent to promote unlawful activity in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(A), possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  On January 14, 2022, Carroll was sentenced to 235 months of imprisonment on each of the first three counts, to be served concurrently, and 60 months of imprisonment on the firearm count, to be served consecutively, for a total of 295 months of imprisonment.

## II.  STANDARD OF REVIEW.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

The proper vehicle for a defendant to raise ineffective assistance of counsel claims is by filing a § 2255 motion.  *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance.  *Id.* at 687.

When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689; *Gray v. Branker*, 529 F.3d 220, 228–29 (4th Cir. 2008).  Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689–90.

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different.  *Id.* at 694.  A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "A reasonable probability

is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

III.  DISCUSSION.

A. Allegation that Firearm was not Usable.

Carroll's first argument in support of his motion is that he should not have been sentenced for possessing a firearm because the firearm was not "visible nor accessible" to him in the home. Mot. 7, Dkt. No. 673. He claims that a prior wrist ailment rendered him unable to handle a firearm. I find that these allegations lack merit.

Even if Carroll had a wrist injury in one hand, this does not establish that Carroll was unable to possess a firearm or that the firearm served no purpose in the drug trafficking enterprise. When the search warrant was executed, officers found the firearm in Carroll's bedroom along with methamphetamine. The difficulties he may have encountered in attempting to use it do not undermine a finding of possession.

Further, during Carroll's guilty plea hearing, he affirmed that he was pleading guilty because he was in fact guilty. He also failed to contest the facts presented to him when asked. Because Carroll's argument that he did not possess a firearm is weak and he affirmed his possession in his guilty plea, the effect of Carroll's injured wrist is not a sufficient ground to vacate or set aside his sentence.

### B. Allegation that Counsel was Ineffective in Investigating Carroll's Wrist.

Second, Carroll claims that his attorney failed to investigate the effect of Carroll's wrist ailment on his ability to use a firearm and was therefore ineffective. As the government notes, Carroll admitted to facts that support a conviction under § 924(c) and stated at sentencing that he was satisfied with the representation provided by his attorney. Sent'g Tr. 25, Dkt. No. 584. In addition, because Carroll's conviction required only the possession of a firearm and not the use of a firearm, his attorney cannot be considered deficient in failing to investigate Carroll's ability to use a firearm with both hands. Thus, the attorney's alleged decision not to investigate Carroll's wrist injury is not a sufficient ground for an ineffective assistance of counsel claim.

### C. Allegation that Counsel Failed to Investigate Coercion or Duress Defense.

Third, Carroll alleges that his attorney was ineffective because the attorney did not sufficiently investigate the violent tendencies of Carroll's co-defendant, who had been released from prison for a murder conviction shortly before Carroll met him. Again, the government highlights Carroll's sworn statements as to his guilt and his satisfaction with the representation he received.

In addition, Carroll has made contradicting statements regarding the reasons for his criminal conduct. He initially attributed his decisions to family and personal

issues. Now, he claims he was coerced into drug trafficking by his co-defendant. Carroll offers few concrete facts to support his new assertion beyond the general statement that his co-defendant was violent. Even if Carroll had provided his attorney with this information, it still would not constitute ineffective assistance of counsel for the attorney to fail to raise it. General pressure or aggression from another individual does not rise to the level required for a coercion or duress defense. Accordingly, Carroll's counsel was not ineffective by deciding not to raise coercion or duress defenses.

### D.  Allegation that the Court Failed to Consider U.S.C. § 3553(a) Factors.

Fourth, Carroll claims that his sentence was contrary to the U.S.C. § 3553(a) factors because the Court did not properly consider Carroll's psychological challenges and personal family trauma. The record refutes this.

At sentencing, I noted Carroll's struggles with drug addiction, his difficult childhood, and his mental health problems. Sent'g Tr. 26, Dkt. No. 584. I also addressed the documented medical attention Carroll received for his mental health problems. I considered these factors along with the severity of Carroll's criminal conduct. *Id.* Ultimately, I departed downward to a Criminal History of II and sentenced Carroll to a term of imprisonment at the low end of the resulting guideline range. Thus, Carroll's allegation that the Court failed to consider his personal circumstances lacks merit.

E.  Allegation that Carroll's Attorney Failed to Appeal.

Finally, and as the government indicates, Carroll implies that his attorney was ineffective in failing to file an appeal.  However, given the lower sentence that Carroll received, a reasonable attorney would not have believed that Carroll would have wanted to appeal.  Carroll makes no assertion that he shared a desire to appeal with his attorney.  To the extent Carroll's ineffective assistance of counsel claims rely on a theory of a failure to appeal, I find that the theory fails.  *See United States v. Royal*, No. 1:19CR00049, 2023 WL 3721204, at *6 (W.D. Va. May 30, 2023) ("Royal also does not allege that he asked his attorney to appeal or that he would have had his attorney explained his appeal rights under the plea agreement.").

IV.  CONCLUSION.

Carroll has not demonstrated sufficient grounds to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and it will be dismissed.  A separate Final Order will be entered forthwith.

DATED:   October 23, 2025

/s/  JAMES P. JONES
Senior United States District Judge